IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

TERRY MCGINISTER, JR.                                                                         PLAINTIFF

vs.                                              Civil No. 2:13-cv-02230

CAROLYN W. COLVIN                                                                          DEFENDANT
Commissioner, Social Security Administration

<u>**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**</u>

Terry McGinister, Jr. ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his application for a period of disability and Disability Insurance Benefits ("DIB") under Title II of the Act.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2009), the Honorable P. K. Holmes, III referred this case to this Court for the purpose of making a report and recommendation. In accordance with that referral, and after reviewing the arguments in this case, this Court recommends Plaintiff's case be **AFFIRMED.**

**1.      <u>Background</u>:**

Plaintiff protectively filed his application for disability benefits on June 18, 2012. (Tr. 9, 164-172). Plaintiff alleges being disabled due to a bulging disc, post-traumatic stress disorder ("PTSD"), migraines, frost bite on both hands, and problems with both feet. (Tr. 241). Plaintiff alleges an onset date of April 15, 2009. (Tr. 9). This application was denied initially and again upon reconsideration. (Tr. 83, 99).

Thereafter, Plaintiff requested an administrative hearing on his application, and this hearing

request was granted. (Tr. 124-133). Plaintiff's administrative hearing was held on April 22, 2013 in Fort Smith, Arkansas. (Tr. 28-82). At this hearing, Plaintiff was present and was represented by counsel, Susan Brockett. *Id.* At this hearing, Plaintiff and Vocational Expert ("VE") John Massey testified. *Id.* Plaintiff testified he was twenty-five (25) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (2008). (Tr. 33-34).

On August 2, 2013, the ALJ entered an unfavorable decision denying Plaintiff's application for DIB. (Tr. 6-23). In this decision, the ALJ found Plaintiff met the insured status requirements of the Act through December 31, 2016. (Tr. 11, Finding 1). The ALJ found Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since December 27, 2011, his amended alleged onset date. (Tr. 11, Finding 2). The ALJ determined Plaintiff had the following severe impairments: degenerative disc disease of the lumbar spine, headaches, hypertension, bilateral plantar fasciitis and flat feet, history of frostbite to his hands (left greater than right), and PTSD. (Tr. 11-12, Finding 3). The ALJ determined Plaintiff's impairments, however, did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 12-14, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his RFC. (Tr. 14-21, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found his claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC to perform the following:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except he can only occasionally climb ramps and stairs, he can never climb ladders, ropes, or scaffolds, and he can only occasionally balance, stoop, kneel, crouch and crawl. He can only occasionally work/reach overhead, he can

2

>frequently, but not constantly, handle bilaterally, and he must avoid concentrated exposure to extreme cold and hazards, including no driving as part of work. He is further limited and is able to perform work where interpersonal contact is incidental to the work performed, the complexity of tasks is learned and performed by rote with few variables and little use of judgment, and the supervision required is simple, direct and concrete.

(Tr. 14-21, Finding 5).

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW") and determined Plaintiff was unable to perform any of his PRW. (Tr. 21-22, Finding 6). The ALJ determined Plaintiff had at least a high school education and was able to communicate in English. (Tr. 22, Finding 8).

The ALJ then determined whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy. (Tr. 22-23, Finding 10). The VE testified at the administrative hearing regarding this issue. (Tr. 22-23). Specifically, considering Plaintiff's RFC, work experience, age, and education, the VE testified Plaintiff retained the capacity to perform work as a routing clerk and conveyor belt package sorter (light, unskilled) with 340 such jobs in Arkansas and 42,500 such jobs in the nation and as a production worker (light, unskilled) with 480 such jobs in Arkansas and 59,000 such jobs in the national economy. *Id.* Because Plaintiff retained the capacity to perform this other work, the ALJ determined Plaintiff had not been under a disability, as defined by the Act, from December 27, 2011 through the date of his decision or through August 2, 2013. (Tr. 23, Finding 11).

Thereafter, Plaintiff requested the Appeals Council's review of the ALJ's unfavorable decision. (Tr. 4-8). On August 15, 2013, the Appeals Council denied Plaintiff's request for review of the ALJ's decision. (Tr. 1-3). On October 15, 2013, Plaintiff filed the present appeal. ECF No. 1. Both Parties have filed appeal briefs. ECF Nos. 14-15. This case is now ready for decision.

3

**2.     Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.     Discussion:**

In his appeal brief, Plaintiff claims the ALJ's disability determination should be reversed for three reasons: (A) the ALJ erred in his RFC determination; (B) the ALJ erred in his credibility determination; and (C) the ALJ erred by failing to fully and fairly develop the record. ECF No. 14 at 12-20. The Court will consider all three of these arguments.

**A.     RFC Determination**

Within this claim, Plaintiff makes three arguments: (1) the ALJ improperly considered his GAF score of 52; (2) the ALJ improperly dismissed his disability rating from the VA; and (3) the ALJ improperly determined his insomnia, "excessive irritability," headaches, and eye problems were non-severe. ECF No. 14 at 12-15. The Court will consider each of these specific arguments

5

separately.

First, Plaintiff claims the ALJ improperly considered his Global Assessment of Functioning or GAF score of 52.  ECF No. 14 at 12-13.  In making this argument, Plaintiff cites two Eighth Circuit cases wherein the Eighth Circuit found ALJ erred by failing to consider a claimant's GAF scores.  *See Conklin v. Astrue,* 360 F. App'x 704, 707 (8th Cir. 2010) (finding the ALJ erred in considering GAF scores of 35 and 40).  *See also Pate-Fires v. Astrue,* 564 F.3d 935, 944 (8th Cir. 2009) (reversing the ALJ's disability determination primarily because the ALJ failed to consider repeated GAF scores below 50).

In this case, however, the *only* GAF score Plaintiff cites is *above* 50.  Such a GAF score only indicates "[m]oderate symptoms."  Am. Psychiatric Ass'n, *Diagnostic & Statistical Manual of Mental Disorders (DSM-IV-TR)* 34 (4th ed., text rev. 2000).  Further, unlike in *Conklin* and *Pate-Fires,* this is only one instance of a low GAF score.  Standing alone, this *one* score does not demonstrate Plaintiff is disabled.  *See, e.g., Jones v. Astrue,* 619 F.3d 963, 973 (8th Cir. 2010) (finding the claimant was not disabled and distinguishing *Pate-Fires* because the claimant had "not presented a 'GAF score history' indicating that she was at or below a GAF of 50 on several occasions").  Accordingly, the Court finds no basis for reversal on this issue.

Second, Plaintiff claims the ALJ did not properly consider the disability determination by the VA.  ECF No. 14 at 14-15.  Plaintiff claims the ALJ should have given more weight to his "90% VA service connected disability."  *Id.*  In response to this argument, Defendant claims the ALJ fully complied with his obligations in considering the VA's disability rating, and there is no basis for reversal on this issue.  ECF No. 15 at 10-11.

The Court agrees with Defendant's argument.  In his opinion, the ALJ considered Plaintiff's

6

disability rating from the VA but declined to adopt the VA's finding: "Although Mr. McGinister may have met the statutory and regulatory requirements for VA benefits based on his service-connected injuries, this does not mean that he meets the requirements for Social Security Disability Insurance Benefits. Determinations by other organizations and agencies that indicate whether the claimant is disabled are based on its rules and not on the Social Security Administration's decision about whether the individual is disabled." (Tr. 20-21). This finding was entirely proper. *See Pelkey v. Barnhart,* 433 F.3d 575, 579 (8th Cir. 2006) (holding "[t]he ALJ should consider the VA's finding of disability . . . but the ALJ is not bound by the disability rating of another agency when he is evaluating whether the claimant is disabled for purposes of social security benefits"). Thus, the Court finds no basis for reversal on this issue.

      Third, Plaintiff claims the ALJ erred in finding his impairments of "insomnia, excessive irritability and headaches" and vision problems were non-severe. ECF No. 14 at 15. Upon review, however, Plaintiff is simply incorrect as to his insomnia, excessive irritability, and headaches. In his opinion, the ALJ did find Plaintiff had the severe impairments of PTSD, which would include insomnia and excessive irritability, and headaches. (Tr. 11-12, Finding 3). Thus, the ALJ did not err in finding these impairments were non-severe.

      Further, the ALJ did consider Plaintiff's right eye vision problems in determining whether that impairment qualifies as severe: "Given the fact that the claimant has 20/20 vision in his left eye, the undersigned concludes that the claimant's right eye vision loss does not constitute a severe impairment." (Tr. 11-12, Finding 3). Plaintiff does not cite any evidence, medical or otherwise, to support his claim that his right eye vision problems qualify as severe. ECF No. 14 at 15. Thus, the Court finds no basis for reversal on this issue.

B.  Credibility Determination

Plaintiff claims the ALJ erred in his credibility determination. ECF No. 14 at 15-18. Plaintiff claims the ALJ did not comply with *Polaski*. *Id.* Plaintiff also claims: "It is contended that there is no citation of any evidence which would discredit the credibility of the Plaintiff in this case." *Id.*

Again, Plaintiff is simply incorrect. In fact, in this case, the ALJ provided an extensive examination of his subjective complaints, gave reasons for discounting those complaints, and provided eight pages of discussion in assessing his RFC. It is worth re-stating part of the ALJ's analysis on this issue:

> In this case, there are significant inconsistencies within the evidentiary record which detract from the credibility of claimant's testimony/statements regarding the severity of his subjective complaints, and his allegations of severe and disabling pain and physical limitations are found not credible. While the claimant testified he tries not to lift anything over 10 pounds because his back bothers him too much and reported in the record that he had difficulty putting on his shoes and brushing his hair at times due to his alleged physical impairments, that is inconsistent with the claimant's reports in the medical record that he did weight lifting and body building and physicians' observations that the claimant was muscular. Also, VA records dated September 17. 2012, show that the claimant was kind of overwhelmed by having to attend so many appointments, and it was also reported that he spent a significant amount of time working out at the gym and playing football on a local team. . . . Veterans Administration records dated July 23, 2012, show that the claimant reported his hobbies included sports, exercise and family, and records dated December 4, 2012, show that the claimant reported he had been out jogging. . . . In addition, the report of the C&P examination on April 2, 2013, shows that the claimant reported he was in barber school with the hopes of opening his own shop in the Fort Smith area, and he also reported that his last employment was November 2012 at KTC, a trucking company that primarily transported cotton, and that he quit in November because the cotton season was over. However, he also reported that at that time, he could not drive the truck because he was about 90 percent blind in his right eye (Exhibit 16F).

(Tr. 19). Because the ALJ provided "good reasons" for discounting Plaintiff's subjective complaints, the Court finds no basis for reversal on this issue. *See Renstrom v. Astrue,* 680 F.3d 1057, 1067 (8th

Cir. 2012) (holding "[b]ecause the ALJ gave good reasons for discounting Renstrom's credibility, we defer to the ALJ's credibility findings").

### C. ALJ's Development of the Record

Plaintiff claims the ALJ did not fully and fairly develop the record, and, as a result, his "true work related restrictions are not evident from the record." ECF No. 14 at 18-19. Thus, Plaintiff claims the ALJ "should have sought further clarification from the Plaintiff's treating doctor concerning limitations." *Id.* In his briefing, however, Plaintiff provides no evidence or even argument as to how he was prejudiced or the outcome of the ALJ's decision would have changed had the record been more fully developed.

Upon review, the Court finds Plaintiff has not met his burden for a remand on this issue. Indeed, Plaintiff's transcript is extremely lengthy and over 1,000 pages. The majority of those pages are Plaintiff's medical records. (Tr. 300-1020). The ALJ painstakingly reviewed those medical records in his opinion. (Tr. 6-23). Further, Plaintiff has not demonstrated he was prejudiced by the ALJ's alleged failure to further develop the record. Thus, the Court will not remand based upon Plaintiff's bare claim that the ALJ erred by failing to develop the record. *See Onstad v. Shalala,* 999 F.2d 1232, 1234 (8th Cir. 1993) (holding "absent unfairness or prejudice, we will not remand" when the ALJ allegedly fails to develop the record ).

### 4. Conclusion:

Based on the foregoing, the undersigned finds the decision of the ALJ denying benefits to Plaintiff is supported by substantial evidence and recommends it be **AFFIRMED.**

**The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely**

**objections may result in waiver of the right to appeal questions of fact.  The Parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.  See *Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).**

**ENTERED this 16th day of December 2014.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE